Bhojak v. Garland

BIA
Sichel, IJ
A206 223 001

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand twenty-four.

PRESENT:
>REENA RAGGI,
>MICHAEL H. PARK,
>BETH ROBINSON,
>>*Circuit Judges.*

_____

CHINTAN JYOTINDRA BHOJAK,
>*Petitioner,*

>v.                                                            **22-6469**
>                                                               **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:                    Usman B. Ahmad, Esq., Long Island City, NY.

**FOR RESPONDENT:**     Brian Boynton, Principal Deputy Assistant Attorney General; Justin Markel, Senior Litigation Counsel; Kevin J. Conway, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Chintan Jyotindra Bhojak, a native and citizen of India, seeks review of an August 30, 2022 decision of the BIA affirming a June 17, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chintan Jyotindra Bhojak*, No. A 206 223 001 (B.I.A. Aug. 30, 2022), *aff'g* No. A 206 223 001 (Immigr. Ct. N.Y.C. June 17, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Bhojak does not challenge the IJ's finding that his conviction is a particularly serious crime that bars asylum and withholding of removal or the BIA's finding that he waived review of this basis

2

for the denial of asylum and withholding of removal, so we consider only his CAT claim. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)). We review factfinding related to a CAT claim for substantial evidence, and we review questions of law and application of law to fact de novo. *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 583 (2d Cir. 2021).

Bhojak alleged that U.S. newspapers reported on his arrest and conviction in New Jersey, and people in India learned of the charges against him. He testified that a group of "Hindu extremist[s]" confronted his father in 2012 and threatened to harm the family if Bhojak returned to India. He argued that he would be tortured in India and could not relocate within India because people could learn of his conviction through the internet.

The agency did not err in denying the CAT claim as speculative. A CAT applicant must show that he will "more likely than not" be tortured in the country of removal. 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a); *see also Garcia-Aranda v. Garland*, 53 F.4th 752, 758–59 (2d Cir. 2022).[1] "It is the likelihood of all necessary events

---

[1] The citations are to the regulations as written at the time of the IJ's decision.

coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (quoting *Matter of J–F–F–*, 23 I. & N. Dec. 912, 918 n.4 (AG 2006)).

First, Bhojak asserts that the IJ did not properly consider evidence that he will be placed on a sex-offender registry in India. As the Government argues, although Bhojak broadly argued that information about his conviction will be available on the internet, he did not argue before the IJ or the BIA that he would be placed on a sex-offender registry. This specific claim is therefore unexhausted. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (confirming that issue exhaustion is mandatory when the opposing party raises the issue).

Even if individuals could learn about Bhojak's conviction from a general internet search, the agency did not err in finding insufficient evidence that he would be tortured. He relied on two articles about "honor killings" in India, but neither article discusses whether individuals with criminal convictions (either in India or abroad) are targeted for honor killings. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . .[an applicant's] fear is speculative at best."). Moreover, Bhojak cites no

4

country-conditions evidence that government authorities would fail to protect him or acquiesce to his torture. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision." (citation omitted)). On this record, the IJ reasonably determined that Bhojak's fear of torture was speculative. *See Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (denying CAT claim where country conditions evidence reflected instances of torture, but petitioner had no "particularized evidence" that someone in his circumstances would be tortured). Accordingly, the agency did not err in denying deferral of removal under the CAT. *See* 8 C.F.R. § 1208.16(c)(2) (requiring applicant to show torture is "more likely than not" to occur).

Because the agency's determination regarding the likelihood of torture is dispositive, we do not reach its alternative finding that Bhojak could safely relocate in India. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (citations omitted)).

5

For the foregoing reasons, the petition for review is **DENIED**.  All pending motions and applications are **DENIED** and stays **VACATED**.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court